IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATSY PRICE                                                                                    PLAINTIFF

v.                                    Civil No. 04-6075

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Patsy Price, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On July 21, 2005, the undersigned remanded this matter for further consideration, pursuant to sentence four, *42 U.S.C. § 405(g)* (Doc. #8 & 9).

Plaintiff's attorney, Alan Nussbaum, filed a Motion for An Award of Attorney Fees Under The Equal Access to Justice Act, (hereinafter the *"EAJA"*), on September 26, 2005 (Doc. #10-12). The Commissioner responded on September 28, 2005 (Doc. #13). On October 6, 2005, the undersigned found that plaintiff's counsel was entitled to an *EAJA* award in the amount of $2,150.00, to be paid in addition to, but not out of, any past-due benefits which plaintiff may be awarded in the future (Doc. #14 & 15). Following remand, the ALJ issued a favorable decision on or about December 20, 2005, granting the plaintiff back benefits totaling $41,002.00, minus the service fee of 6.3 %, not to exceed $75.00 (Doc. #16, p. 10).

Now before the Court is the counsel's request for approval of attorney's fees in the amount of $10,250.50, or 25% of plaintiff's past due benefits, based upon a contingency fee agreement (Doc. #16, pp. 13-14).

AO72A
(Rev. 8/82)

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in *42 U.S.C. § 406(b)(1)*. The relevant portion of the statute reads:

> …"the court may determine and allow as part of its judgment a reasonable fee … not in excess of 25 percent of the … past-due benefits to which the claimant is entitled by reason of such judgment.

As previously stated, this fee is payable out of, and not in addition to, the amount of plaintiff's past-due benefits.

Section *406(b)* also "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Grisbrecht, et al. v. Barnhart, 535 U.S. 789, 807 (2002).* In *Grisbrecht,* the United States Supreme Court recognized the primacy of lawful attorney-client agreements in determining reasonable attorney fees in cases where plaintiff's prevail in federal court. The Court held that "*§ 406(b)* does not displace contingent-fee agreements within the statutory ceiling; instead, *§ 406(b)* instructs courts to review for reasonableness fees yielded by those agreements." *Id., at 808-809.*

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g., McGuire, 873 F.2d at 983* ("Although a contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs., 707 F. 2d 246, 249-250 (C.A.6 1983)* (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See *Rodriquez, 865 F.2d at 746-747.* If the benefits are large in comparison to the amount of time counsel spend on the case, a downward adjustment is similarly in order. See *id., at 747* (reviewing

AO72A
(Rev. 8/82)

> court should disallow "windfalls for lawyers"); *Wells, 907 F.2d at 372* (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See *Rodriquez, 865 F.2d at 741*. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)*.

In 1980, Congress enacted *The Equal Access to Justice Act,* providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. *28 U.S.C. § 2412(d)(1)(B)*. Unlike fees under *§ 406(b)*, these fees are paid in addition to, and not out of the amount withheld from the plaintiff's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA in 1985*. See *Equal Access to Justice Act , Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985*.

> To permit a fee award under the EAJA, assuming of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler, 625 F. Supp, 228, 231 (S.D. Ohio1985)*.

Furthermore, awarding fees under both Acts facilitates the purposes of the *EAJA,* which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id.,* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*. However, the plaintiff's attorney must refund to the plaintiff the amount

AO72A
(Rev. 8/82)

of the smaller fee. *Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).* "Thus, an *EAJA* award offsets an award under *§ 406(b)*, so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... *EAJA* award up to the point he the claimant receives 100 percent of the past-due benefits." *Id.*

Additionally, the district court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. *Gowen v. Bowen, 855 F.2d 613; Fenix v. Finch, 436, F.2d 831 (8th Cir.1971).*

## Discussion:

Plaintiff's attorney seeks a total fee award of $10,250.50, minus $5,300.00, for work performed at the administrative level, leaving a fee award of $4,950.50. As previously noted, plaintiff contracted to pay her attorney 25% of any past-due benefits owing to him. Had counsel not been successful in obtaining benefits for the plaintiff, counsel would not be entitled to a fee award under the contingency nature of the agreement and, therefore, runs a substantial risk of loss. In addition, the benefits to plaintiff are substantial not in just past due benefits but benefits she will continue to receive in the future. The undersigned has reviewed this request and finds it to be within the statutory 25% ceiling, a reasonable request under the agreement and does not represent a windfall to plaintiff's counsel.

## Conclusion:

In light of the forgoing factors, particularly the contingency nature of the case and the substantial award to the plaintiff both in back-pay and on-going benefits, we find counsel's request under the contingency fee agreement to be reasonable. Based on the above, we recommend plaintiff's counsel be awarded $10.250.50, minus $5,300.00 for work performed

AO72A
(Rev. 8/82)

at the administrative level, leaving an award of $4,950.50, to be paid out of plaintiff's past-due benefits. However, the $4.950.50 fee under *§ 406(b)* is offset by the $2,150.00 previously awarded under the *EAJA*, as counsel must refund to the plaintiff, the amount of the smaller fee.

ENTERED this 14th day of April, 2005.

                                        /s/ Bobby E. Shepherd
                                        HONORABLE BOBBY E. SHEPHERD
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)